IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEITH SMITH, et al., )
)
               Plaintiffs, )
)
v. ) No. 03 C 9110
)
NIKE RETAIL SERVICES, INC., etc., )
)
               Defendant. )

## MEMORANDUM ORDER

Nike Retail Services, Inc. ("Nike") has filed its Answer to the Third Amended Complaint ("TAC") that charges it, on a class-wide basis, with various types of race-discriminatory conduct toward its African-American employees and former employees. This memorandum order is issued sua sponte to address some problematic aspects of the affirmative defenses ("ADs") included in the Answer.[1]

"To the extent" language, when embodied in an AD, is a sure tipoff to the fact that the pleader has no actual AD in mind, but is instead speculating on the possibility that such an AD may exist. Although the pleading regime in the federal system is one of notice pleading and not fact pleading, that locution apprises neither opposing counsel nor the court of what is actually at issue in the case. Hence ADs 4, 5, 6, 8 and 9 are stricken. If and when Nike has a specific basis for advancing any such AD, it

---

[1] No effort is made here to address all issues that may be posed by the ADs, let alone any questions raised by the nature of the Answer itself. All that will be left to plaintiffs' counsel.

will be expected to do so promptly, on pain of forfeiture if it does not do so.

Next, some of Nike's ADs do violence to the principles that govern such pleadings, under which a plaintiff's allegations together with all reasonable inferences must be accepted as accurate--see Fed. R. Civ. P. ("Rule") 8(c) and the caselaw applying it, as explicated in part by App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). At a minimum ADs 1, 3 and 10 are at odds with those principles, and they too are stricken.[2]

Finally, AD 11 poses difficulties similar to those presented by the "To the extent..." ADs. It too is stricken on the same terms.

                              */s/ Milton I. Shadur*
                              Milton I. Shadur
                              Senior United States District Judge

Date: June 1, 2006

---

[2] This Court has not reviewed the TAC in detail to see whether AD 2 suffers from the same flaw. If so, plaintiffs' counsel are of course free to raise the matter.