Case: 1:03-cv-09110 Document #: 180 Filed: 07/30/07 Page 1 of 4 PageID #:3113



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KEITH SMITH, RIA MCDOUGAL, JOHN LEWIS, VERNETTA DUCKWORTH, JANISE PAGE, JACQUES WALKER, SHU-RA ROGERS, TODD LINDBERG, ANTHONY BROWN, JASON READUS, DWIGHT BROWN, ROBERT JACKSON, BILLY BROWN, CRYSTAL BARBEE, MARQUISHA HUDSON, ANTHONY BARLOW, LARRY POSEY, DAJAUNA YOUNG, on behalf of themselves and a class of similarly situated African American employees,<br><br>Plaintiffs,<br><br>v.<br><br>NIKE RETAIL SERVICES, INC.,<br><br>Defendant. | No. 03 C 9110<br><br>Judge Shadur<br><br>Magistrate Judge Denlow |

## PRELIMINARY APPROVAL ORDER

WHEREAS the parties to the above-captioned action have jointly moved the Court for certification of a settlement class pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, and for preliminary approval of a Consent Decree pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and for permission to disseminate Preliminary Notice to absent Class Members of the Consent Decree, and good cause having been shown,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. All terms used herein shall have the same meaning as defined in the Consent Decree.

2. This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including all Settlement Class Members.

3. Pursuant to this Court's March 22, 2006 order, the Court has certified the following classes:

- **Hostile Work Environment Class:** All African-American employees and managers who are or were employed at Niketown Chicago at any time between December 17, 1999 and the present who allegedly were subjected to a hostile working environment.

- **Job Segregation/Wage Disparity Class:** All current and former non-managerial African-American employees at Niketown Chicago who allegedly were assigned to lower paid positions in the stockroom or as cashiers because of their race during the period between December 17, 1999 and the present.

- **Promotion Class:** All current and former non-managerial African-American employees at Niketown Chicago who allegedly were denied promotions or deprived of the ability to pursue promotions because of their race during the period between December 17, 1999 and the present.

- **Discipline Class:** All current and former non-managerial African-American employees at Niketown Chicago who allegedly were subjected to racially-biased application of workplace rules and regulations that resulted in discipline up to and including termination, during the period between December 17, 1999 and the present.

- **Benefits Class:** All current and former non-managerial African-American employees at Niketown Chicago who allegedly applied for, requested and/or were entitled to benefits but were denied those benefits because of their race, during the period between December 17, 1999 and the present.

4. Pursuant to Fed. R. Civ. P. 23(e), this Court hereby finds that the Consent Decree is within the appropriate range of fairness, reasonableness and adequacy and hereby preliminarily approves the Consent Decree.

5. The Parties are directed immediately to disseminate Preliminary Notice in the form of Preliminary Notice attached as Exhibit B to the Consent Decree.

6. Any Class Member who wishes to Opt-Out of the Class must complete a written Request for Opt-Out Statement that is received by September 17, 2007, according to the procedures set forth in Exhibit C to the Consent Decree.

7. Any Class Member who intends to object to the Consent Decree or to appear by his or her own counsel or on his or her own behalf must notify the Court and the parties of that intention in the manner and within the time set forth in the Preliminary Notice attached as Exhibit B to the Consent Decree.

8. The Court finds that the Consent Decree has been reached as a result of intensive, serious, and non-collusive arms-length negotiations. The Court finds that counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the claims covered by the Consent Decree. The Court has reviewed the relief granted as part of the Consent Decree and recognizes the significant value to the Settlement Class of both the injunctive and the monetary relief.

9. As of the Effective Date, each and every released claim of each and every Settlement Class Member who has not timely opted-out is and shall be deemed to be conclusively released as against Nike. All Settlement Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the released claims against Nike.

10. The Court will hold a hearing on the fairness and adequacy of the Consent Decree on October 2, 2007, at 9:30 a.m. for purposes of determining whether to give final approval to the settlement under Rule 23(e).

SO ORDERED:

_____
Milton I. Shadur

United States District Judge

Dated: July 30, 2007